UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND J. SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HUNT & HENRIQUES, MICHAEL S. HUNT, ) <br> and JANALIE HENRIQUES, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 12-CV-04150-LHK <br><br> ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER GRANTING SUBSTITUTION OF COUNSEL |

## I. Background

Plaintiff Raymond J. Smith ("Plaintiff") filed his complaint on August 7, 2012 in the instant matter. On August 30, 2012, Defendants filed their answer. ECF No. 4. A Case Management Conference was scheduled for February 6, 2013 at 2:00 p.m. ECF No. 10. The parties were required to file a Joint Case Management Conference Statement by January 30, 2013. *Id.* Defendants filed a separate Case Management Conference Statement on February 1, 2013. ECF No. 11. Defendants stated that they were not able to communicate with Plaintiff and therefore were unable to file a Joint Case Management Conference Statement. Plaintiff did not file a Case Management Conference Statement. Plaintiff also did not appear at the February 6, 2013 Case Management Conference.

1

Case No.: 11-CV-04150-LHK
ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER GRANTING SUBSTITUTION OF COUNSEL

In light of Plaintiff's failure to file a Case Management Conference Statement and failure to appear at the February 6, 2013 Case Management Conference, the Court ordered Plaintiff to show cause, by February 20, 2013, why the case should not be dismissed with prejudice for failure to prosecute. ECF No. 13 ("OSC"). A hearing on the OSC was set for February 27, 2013. *Id.*

On February 19, 2013, Plaintiff filed a response to the OSC. *See* ECF No. 15. Plaintiff stated that Plaintiff was unable to prepare a Case Management Conference Statement or participate in the Case Management Conference because Plaintiff is suffering from physical disabilities, which were exacerbated by a case of the flu. *Id.* at 1-2. Plaintiff also contested Defendants' representation that that Defendants were not able to communicate with Plaintiff. *Id.* at 3-4. Plaintiff did not appear at the February 27, 2013 OSC hearing.

On March 1, 2013, the Court dismissed Plaintiff's case without prejudice as a result of Plaintiff's failure to: (1) file a Case Management Conference Statement in advance of the February 6, 2013 Case Management Conference; (2) appear at the February 6, 2013 Case Management Conference; and (3) appear at the February 27, 2013 OSC hearing. ECF No. 17 at 2. The Court also stated that its dismissal was based on the fact that Plaintiff filed his response to the OSC 11 days late. *See id.* Nevertheless, because Plaintiff filed a response, the Court dismissed Plaintiff's case without prejudice. *See id.*

On March 13, 2013, Plaintiff filed a Motion for Reconsideration requesting that the Court reconsider its Order dismissing the case. ECF No. 18. Plaintiff argues that Plaintiff did file a timely response to the OSC because Plaintiff filed his response on February 19, 2013, and the deadline to respond was February 20, 2013. *Id.* at 4.

On March 25, 2013, the Court ordered Defendants to file a response to Plaintiff's Motion for Reconsideration by March 29, 2013. ECF No. 20. Defendants filed their Opposition to the Motion for Reconsideration on March 27, 2013. ECF No. 21. In their Opposition, Defendants state that Plaintiff's Motion for Reconsideration should be denied because Plaintiff's case was not dismissed solely because of his failure to file a timely response to the OSC, but also because of

2

Case No.: 11-CV-04150-LHK
ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER GRANTING SUBSTITUTION OF COUNSEL

Plaintiff's failure to appear at the February 6, 2013 Case Management Conference and the February 27, 2013 OSC hearing. *Id.*

On April 15, 2013, Plaintiff filed a response to Defendants' Opposition stating that Plaintiff has retained counsel to assist Plaintiff in prosecuting this case. ECF No. 22. On the same date, Plaintiff also filed a Consent Order requesting that the Court substitute Ashley D. Rose of the Rose Law Group as counsel for Plaintiff. ECF No. 23.

## II. Legal Standard

Under Rule 60(b), reconsideration is permitted upon a showing of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). Relief under the sixth category "requires a finding of 'extraordinary circumstances.'" *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).

## III. Analysis

Plaintiff is correct that Plaintiff's response to the OSC was timely. Plaintiff's response was due on February 20, 2013. Plaintiff filed his response on February 19, 2013. The Court erred in finding that Plaintiff's response was not timely.

However, as noted by Defendants, Plaintiff's failure to timely respond to the OSC was not the Court's only reason for dismissing the case. The Court also dismissed the case due to Plaintiff's failure to: (1) file a Case Management Statement in advance of the February 6, 2013 Case Management Conference; (2) appear at the February 6, 2013 Case Management Conference; and (3) appear at the February 27, 2013 OSC hearing. ECF No. 17.

Nevertheless, the Court finds that Plaintiff's motion for reconsideration should be granted. Each of the Court's reasons for dismissing this case reflects the Court's concern that Plaintiff will

3

Case No.: 11-CV-04150-LHK
ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER GRANTING SUBSTITUTION OF COUNSEL

1  not prosecute this case. However, Plaintiff's timely response to the OSC, filing of a Motion for

2  Reconsideration within two weeks of the Order Dismissing Plaintiff's Case, *and* retention of an

3  attorney demonstrate that Plaintiff is willing and able to prosecute this case. Thus, the Court finds

4  that, in this case, the Court's decision to dismiss the case should be reconsidered. Moreover, given

5  that the Court dismissed Plaintiff's case without prejudice, and accordingly, Plaintiff retains the

6  ability to re-file the case at any time, the Court finds that Defendants will not be prejudiced if the

7  Court allows this case to proceed rather than requiring Plaintiff to re-file it. Indeed, the only

8  purpose that would be served by requiring Plaintiff to re-file the case under these circumstances

9  would be to require Plaintiff to bear, for the second time, the expense associated with filing a case

10  and serving Defendants.

11  Thus, for the reasons set forth above, the Court finds that the circumstances in this case

12  justify relief and GRANTS Plaintiff's Motion for Reconsideration. Fed. R. Civ. Proc. 60(b). The

13  Order Dismissing Plaintiff's Case (ECF No. 17) is withdrawn. Plaintiff's case is hereby reinstated.

14  Additionally, Plaintiff's request to substitute Ashley D. Rose as counsel is GRANTED. By May 3,

15  2013, Plaintiff's new counsel shall file a statement as to whether she intends to file an amended

16  complaint. A further Case Management Conference shall be held on June 12, 2013, at 2:00 p.m.

17  **IT IS SO ORDERED.**

18  Dated: April 25, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

4
Case No.: 11-CV-04150-LHK
ORDER GRANTING MOTION FOR RECONSIDERATION; ORDER GRANTING SUBSTITUTION OF COUNSEL