TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendant
Hunt & Henriques

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND J. SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>HUNT & HENRIQUES,<br><br>Defendant. | CASE NO.: 5:12-cv-04150-HRL<br><br>**DEFENDANT'S REQUEST FOR ORDER STRIKING UNTIMELY RESPONSE TO MOTION FOR SANCTIONS UNDER RULE 11**<br><br>Date:   November 19, 2013<br>Time:   10:00 a.m.<br>Crtrm:   2 - 5th Floor<br><br>The Honorable Howard R. Lloyd |

I.  **ARGUMENT**

On November 13, 2013, counsel for plaintiff Raymond J. Smith ("Smith"), the Coast Law Center ("Coast") and Jim Q. Tran ("Tran") filed an untimely opposition (*see* Docket 58) to the motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure that had been filed by defendant Hunt & Henriques ("H&H"). *See* Docket 55. Defendant respectfully requests that the Court issue an order, pursuant to its inherent authority and consistent with the Local Rules, striking the untimely opposition brief.

More than twenty-one days before the motion was filed with this Court, H&H served a copy of its motion, consistent with the safe harbor requirements of Rule 11. *See* Docket 55-1. During the safe harbor period, Coast and Tran ignored the motion and did not withdraw the first amended complaint or seek to modify it in any way.

H&H subsequently filed and served its motion for Rule 11 sanctions through the Court's Electronic Case Filing system ("ECF") on September 30, 2013, noticing a hearing for November 5, 2013. *See* Doc. No. 55. Pursuant to Local Rule 7-3, the opposition had to be filed no later than fourteen days after the motion was filed and served, *i.e.*, on or before October 14, 2013. *See* L.R. 7-3(a). Once again, the docket reflects that Coast and Tran simply ignored the motion and did not file any opposition.

The Local Rules provide that when a party "does not oppose a motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition. *See* L.R. 7-3(b). Coast and Tran did not file a Statement Of Nonopposition to the motion.

On October 21, 2013, H&H filed a reply in support of the motion for sanctions. *See* Docket 56. Pursuant to the Local Rules, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court

1  approval," except for an Objection to Reply Evidence or a Statement of Recent
2  Decision. *See* L.R. 7-3(d). In the Reply, H&H pointed out that this Court has
3  held that "the failure to file an opposition to a motion . . . is grounds for granting
4  the motion." *Esparza v. Federal Deposit Ins. Corp.*, 2010 WL 5102874, *1 (N.D.
5  Cal. Dec. 8, 2010) (granting defendant's unopposed motion to dismiss) (citing
6  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995)).

7  On October 27, 2013, the Court issued a notice continuing the date of the
8  hearing for the sanctions motion to November 19, 2013. *See* Docket 57. Pursuant
9  to the Local Rules, "[u]nless otherwise ordered by the Court, the continuance of
10 the hearing of a motion does not extend the time for filing and serving the
11 opposing papers or reply papers." *See* Local Rule 7-7(d). The notice continuing
12 the hearing date did <u>not</u> state that Coast or Tran could filed an opposition to the
13 sanctions motion. *See* Docket 57.

14 Given this record, H&H respectfully submits that the Court should issue an
15 order striking the untimely opposition to the motion for sanctions. Coast and Tran
16 have known since September 6, 2013 that H&H intended to seek sanctions against
17 them. They have completely ignored the motion, before and after it was filed, and
18 have now submitted an opposition more than a month after it was due, which they
19 filed just one week before the continued hearing date. This Court and H&H have
20 both been prejudiced by their cavalier attitude toward the Court's rules. Neither
21 the Court nor H&H should be forced to review this untimely opposition.

22 Should the Court decide to consider the untimely opposition, however,
23 H&H submits that it actually confirms that substantial Rule 11 sanctions are
24 appropriate here.

25 Coast and Tran argue that H&H failed to satisfy its alleged "meet and confer
26 obligations" before filing the motion, and that this is sufficient reason to deny the
27 motion, citing Local Rule 7.1(a)(3). *See* Docket 58 at p. 2. The problem with this
28

1  argument is that Local Rule 7.1(a)(3) of <u>this</u> Court does not impose any "meet and
2  confer" requirements.  The motion is subject to the "safe harbor" requirements of
3  that Rule 11 of the Federal Rules of Civil Procedure, but there are no special meet
4  and confer requirements under this Court's Local Rules.

5  Coast and Tran are apparently seeking to rely on Local Rule 7.1(a)(3) of the
6  **Southern District of Florida**, which of course does not apply here.  Coast and
7  Tran also cite to a decision of that Court, *Karakis v. Gulfstream Park Racing*
8  *Ass'n, Inc.*, 2008 WL 4938406 (S.D. Fla. Nov. 18, 2008), which denied a motion
9  to consolidate cases where counsel failed to file a certification that a meet and
10 confer had occurred before the motion was filed.  *Id*. at *1.  *Karakis* has nothing to
11 do with Rule 11 or the Local Rules of this Court.

12 Coast and Tran also claim that counsel for Defendant "did not serve the
13 motion on Plaintiffs (and thereby allow them to fix any purported problem) before
14 filing it with the Court."  This is patently false, as demonstrated by the Declaration
15 of Arvin Lugay, which attaches a copy of the motion that was served on Coast and
16 Tran on September 6, 2013, <u>more</u> than 21 days before it was filed.  *See* Docket
17 55-1, ¶ 2, Ex. A.

18 Relying on state court decisions from Wisconsin, Coast and Tran argue that
19 their failure to file a timely opposition to the Rule 11 motion was the result of
20 "excusable neglect."  No declarations are submitted in support of this argument,
21 however, only a vague reference to the fact that Plaintiff's "legal staff" allegedly
22 "overlooked" the sanctions motion.  *See* Docket 58 at p. 4.  The Opposition also
23 claims that the sanctions motion "was caught just before filing and service of these
24 other oppositions which prompted the filing of the continuance letter in
25 accordance with Local rules to allow for adequate preparation of the Sanctions
26 opposition."  *See id.* at p. 5.

27
28

SMITH V. HUNT & HENRIQUES..  (CASE NO. 5:12-cv-04150-HRL)
DEFENDANT'S REQUEST FOR ORDER STRIKING UNTIMELY RESPONSE TO RULE 11 MOTION    3.

Once again, this statement is flatly false. The only request for continuance filed by Plaintiff was on September 20, 2013, when he sought an extension of time to file his oppositions to the motion for summary judgment and the anti-SLAPP motion. *See* Docket 50. This motion for Rule 11 sanctions had not even been filed at that time – it was not filed until September 30, 2013. *See* Docket 55. Coast and Tran have never sought an extension of time to respond to this motion.

Coast and Tran are also wrong when they argue that this Court cannot sanction them under Rule 11 because they substituted in for the counsel who filed the First Amended Complaint. *See* Docket 58 at p. 7. This is wrong, as Rule 11 allows the Court to sanction counsel that have "later advocated" a pleading. Here, Coast and Tran had more than twenty-one days to withdraw or modify the First Amended Complaint before this motion was filed. Their conduct and filings since that time, including their late-filed Opposition to this motion, clearly demonstrates that they are continuing to advocate the frivolous claims asserted in that pleading.

## II. <u>CONCLUSION</u>

H&H respectfully request that the Court issue an Order striking the late-filed Opposition to this motion, and sanctioning counsel for Smith, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED: November 17, 2013        SIMMONDS & NARITA LLP
                                TOMIO B. NARITA



                                By:  s/Tomio B. Narita
                                     Tomio B. Narita
                                     Attorneys for Defendant
                                     Hunt & Henriques