NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND J. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>HUNT & HENRIQUES and DOES 1-20,<br><br>    Defendants. | Case No. 5:12-cv-04150 HRL<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME; GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION; AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE**<br><br>[Re: Dkt. Nos. 47, 48, 50] |

Plaintiff Raymond J. Smith alleges that defendant Hunt & Henriques (H&H) engaged in unlawful debt collection practices. He asserts claims for violation of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, et seq., and negligence. H&H now moves for summary judgment on all claims for relief. Plaintiff opposes the motion.[1] Both plaintiff and defendant have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Plaintiff's counsel did not bother to appear at the November 19, 2013 hearing. Instead, he sent another

---

[1] On September 20, 2013, plaintiff filed a request for an extension of time to file his opposition papers, but nevertheless filed his papers a few hours later. His request for an extension (Dkt. 50) therefore is denied as moot.

attorney to make a "special appearance" in his place. Other than his "special appearance," that attorney has had no involvement in this matter and appeared to have little or no knowledge of the case. Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, the court grants the motion.[2]

## BACKGROUND

Unless otherwise indicated, the following facts are not disputed.

H&H says that it is a law firm that collects outstanding financial obligations referred to it by its clients. (Dkt. 48-1, Hunt Decl. ¶ 2). If necessary, the firm sues debtors who refuse or fail to pay the financial obligations H&H is retained to collect. But before filing any lawsuit, H&H says that it sends at least one pre-suit demand letter to the debtor in an attempt to resolve the matter without litigation. (Id.).

On or about October 12, 2011, Merrick Bank Corporation (Merrick) retained H&H to collect $2,162.64 that remained unpaid on a Visa card for account holder Raymond J. Smith and ending with account number 4158. (Id., ¶¶ 4-5, Ex. A). On October 20, 2011, H&H sent a pre-suit demand letter to Smith, informing him that Merrick had hired the firm to collect the outstanding balance. (Id. ¶ 6, Ex. B). The letter included the notice required by FDCPA § 1692g.[3]

---

[2] Because the court grants H&H summary judgment on all claims for relief, defendant's alternate motion to strike pursuant to California Code of Civil Procedure § 425.16 is denied as moot.

[3] FDCPA section 1692g requires that the consumer be given a written notice containing:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with

2

1 (Id.).

2 Over a month later, on December 2, 2011, H&H received a letter from Smith requesting validation of the account and stating that he might take legal action. (Id. ¶ 7, Ex. C). The letter is dated November 30, 2011 and states that it was "Mailed/Postmarked: 12/1/2012." (Id.).

On February 7, 2012, H&H responded to Smith by sending him a letter identifying Merrick as the original creditor and H&H's client; providing the last four digits of the account number; and enclosing a copy of the August 15, 2008 charge off statement confirming the outstanding balance of $2,162.64. (Id. ¶ 9, Ex. D).

On March 28, 2012, H&H received a fax from plaintiff dated March 27, 2012. (Id. ¶ 11, Ex. E). In it, plaintiff "refused and rejected" the firm's validation, requested further validation of the account, and threatened legal action. (Id.).

Smith filed the instant lawsuit on August 7, 2012, claiming that H&H failed to properly validate the debt and engaged in fraudulent and deceptive practices in an attempt to collect it. H&H contends that it is entitled to summary judgment because plaintiff fails to present evidence supporting his claims. For the reasons discussed below, the court grants the motion.

## LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."

---

the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(1)-(5).

3

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248-49.

"When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325). Once the moving party meets this burden, the nonmoving party may not rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that there is a genuine issue for trial. Id.

## DISCUSSION

### A. Plaintiff's FDCPA and RFDCPA claims

#### 1. FDCPA § 1692g and RFDCPA § 1788.17[4]

The thrust of these claims is that H&H failed to properly validate the account.

Preliminarily, H&H argues that plaintiff has no evidence establishing that the financial obligation in question is a "debt" under the FDCPA or a "consumer debt" under the RFDCPA. "Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute." Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (citing Slenk v. Transworld Sys., Inc., 236 F.3d 1072, 1075 (9th Cir.2001)). A "debt" under the FDCPA is an obligation of a "consumer" incurred "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt."

---

[4] California Civil Code section 1788.17 incorporates portions of the FDCPA, including FDCPA section 1692g.

4

1  Id. § 1692a(3). A "consumer debt" under the RFDCPA means "money, property or their
2  equivalent, due or owing or alleged to be due or owing from a natural person by reason of a
3  consumer credit transaction." Cal. Civ. Code § 1788.2(f). "The [FDCPA] characterizes debts in
4  terms of end uses . . . . Neither the lender's motives nor the fashion in which the loan is
5  memorialized are dispositive of this inquiry." Bloom v. I.C. Systems, Inc., 972 F.2d 1067, 1068
6  (9th Cir. 1992).

7  In discovery, H&H served several requests designed to ascertain the bases for plaintiff's
8  claims. In his responses, Smith indicated that he:

- cannot state facts or produce documentary evidence supporting his allegations that the unpaid balance is a "debt" under FDCPA § 1692a(5) or a "consumer debt" under RFDCPA § 1788.2(f) (Dkt. 49, Lugay Decl., Exs. A and D, Interrogatory No. 3; Ex. C and F, Document Request No. 8);
- does not have "actual knowledge regarding the purpose of the purchases and transactions that comprise the balance incurred on the Account" (Id. Exs. B and E, Request for Admission No. 6); and
- does not have documents "reflecting the nature of the transactions that comprise the unpaid balance on the Account" (Id., Exs. C and F, Document Request No. 6).

In his opposition, Smith does not refute these assertions. Nor does he present any evidence raising a genuine issue of material fact. Accordingly, he has failed to establish the threshold issue whether the FDCPA or the RFDCPA apply to the account.

Even if the statutes applied, H&H argues that it is entitled to judgment as a matter of law. Smith contends that he does not have a debt with H&H and that H&H merely assumed the existence of such an obligation.[5] (Dkt. 52 at 5, 7). He goes on to argue that H&H violated these

---

[5] Plaintiff's First Amended Complaint (FAC) contains conflicting allegations as to whom the money was owed. The FAC initially alleges that in October 2011, defendant sent him "a letter notifying Plaintiff that [H&H] is a debt collector, attempting to collect on a debt allegedly owed to Merrick Bank." (Dkt. 34 ¶ 10). But then the FAC goes on to allege that the October 2011 letter is "unclear as to whether [H&H] was the current Creditor attempting to collect the alleged debt for its own account, or if Defendant H&H was a third-party debt collector attempting to collect the alleged debt, or if H&H represented Merrick Bank as its client." (Id. ¶ 11). As discussed above, H&H has presented its correspondence with plaintiff identifying Merrick as the creditor and

statutes because it allegedly "failed to validate the debt within thirty (30) days as required by 15 U.S.C. § 1692(g) [sic]." (Dkt. 52 at 5).[6] These arguments fail to convince.

To begin, plaintiff presents no evidence supporting his assertion (or even creating a triable issue) that he is not responsible for the debt or that H&H violated the FDCPA or the RFDCPA. In his responses to defendant's discovery requests, he stated that he:

- would not state any facts establishing that he is not responsible for the balance on the account (Dkt. 49, Lugay Decl., Exs. A and D, Interrogatory No. 1); and
- cannot provide documentary evidence that H&H violated the FDCPA or the RFDCPA (Id., Exs. C and F, Document Request Nos. 9-10).

Moreover, FDCPA § 1692g does not require H&H to provide validation within 30 days of a request. Instead, the plain language of the statute requires *plaintiff* to send his dispute re the validity of the debt within 30 days of his receipt of H&H's written notice. 15 U.S.C. § 1692g(a)(4). As discussed above, H&H's initial demand letter contained the notice required by section 1692g. (Dkt. 48-1, Hunt Decl. ¶ 6, Ex. B). "Under the common law Mailbox Rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." Mahon v. Credit Bureau of Placer Cnty., Inc., 171 F.3d 1197, 1202 (9th Cir. 1999) (quotations and citations omitted). The record demonstrates that H&H's initial demand letter was sent on October 20, 2011 from its San Jose, California office to plaintiff's Post Office box several miles away in Los Gatos, California. (Dkt. 48-1, Hunt Decl. ¶ 6, Ex. B). Plaintiff does not deny receipt of the letter, and the court finds it reasonable to infer that the letter was received by him within, at most, a few days after mailing. Yet, Smith did not send his dispute and validation request to H&H until over 30 days later on December 1, 2011. If a consumer fails to dispute the

---

H&H's client. (Dkt. 48-1, Hunt Decl. ¶¶ 4-5, 9, Exs. A and D). Plaintiff has not submitted any evidence to the contrary.

[6] Plaintiff also requests that the court take judicial notice of an order issued by the District Court in the Southern District of California in Caudillo v. Portfolio Recovery Associates, LLC, No. 12-cv-200-IEG. Other than directing the court to the opinion, however, plaintiff offers no argument as to why he believes it is significant. And, having reviewed the decision, the court finds it to be factually inapposite and sees nothing in it that mandates denial of defendant's summary judgment motion here.

United States District Court
Northern District of California

validity of the debt, or any portion of it, within that 30-day period, "the debt will be assumed to be valid by the debt collector," 15 U.S.C. § 1692g(a)(3)---and plaintiff was advised of that fact in H&H's October 20, 2011 demand letter. (Id.). At any rate, plaintiff makes no attempt to argue that his validation request was timely. Instead, he persists in his argument that H&H's verification was untimely because it was not provided within 30 days of his dispute re the debt. Despite plaintiff's repeated assertions to the contrary, the court finds nothing in section 1692g imposing any such requirement on H&H.

Moreover, even assuming Smith timely sent a validation request, the record before the court demonstrates that H&H properly validated the account. Defendant correctly notes that "[a]t the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.'" Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) (quoting Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)). As discussed above, in response to plaintiff's validation request, H&H sent him a letter, along with a charge off statement confirming the $2,142.64 owed to Merrick on the account. (Hunt Decl. ¶ 9, Ex. D). This was sufficient to validate the obligation in question.[7]

### 2. FDCPA §§ 1692e and 1692f and RFDCPA § 1788.13

Smith alleges that H&H violated FDCPA sections 1692e and 1692f and RFDCPA section 1788.13[8] by engaging in fraudulent or deceptive practices in an attempt to collection the sums at issue. The FAC's allegations, however, are entirely conclusory and merely track the provisions of the statutes. (Dkt. 34). Plaintiff does not identify what H&H did or said that was false or misleading. And, much like his FAC, Smith's opposition brief largely parrots the language of the

---

[7] The FAC also alleges that defendant sent plaintiff a response to his complaint that violates "statutory practices described herein for verifying debt" and purports to quote defendant's allegedly improper response. (Dkt. 34 ¶ 19). The quoted language, however, comes not from any response to plaintiff's complaint, but rather from defense counsel's meet-and-confer letter proposing language for H&H's position statement in the parties' Joint Case Management Statement. (Hunt Decl. ¶ 12, Ex. F).

[8] In sum, these provisions of the FDCPA and RFDCPA prohibit debt collectors from using any false, deceptive or misleading means in connection with the collection of any debt.

statutes. On the instant motion, however, Smith cannot rely upon the allegations of his pleading and instead must produce admissible evidence showing that there is a genuine fact issue for trial. See Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d at 1102. He has not done so. He argues that his credit report is evidence of the claimed violations. Yet, he did not submit a copy of the report with his opposition and does not even refer to it in his declaration.

Smith nonetheless avers that in January 2011,[9] he had a conversation with an unidentified H&H attorney, who allegedly threatened suit and told him that he would be responsible for charges in addition to the sums allegedly owed. (Dkt. 52-1, Smith Decl. ¶ 5). As discussed above, however, plaintiff has failed to present evidence to support the threshold issue that the FDCPA and the RFDCPA apply.

H&H is entitled to summary judgment on Smith's FDCPA and RFDCPA claims.

**B. Negligence Claim**

The FAC alleges that H&H owed a duty to plaintiff to treat him fairly and honestly in compliance with the FDCPA, the RFDCPA, and the Consumer Legal Remedies Act (CLRA). For the reasons discussed above, the court finds that H&H is entitled to summary judgment on the FDCPA and RFDCPA claims. Plaintiff has, in any event, failed to present evidence creating a triable fact issue as to whether H&H was negligent. Here again, he cites his credit report that was not submitted to the court or discussed in his declaration. In the remainder of his opposition on this issue, plaintiff merely quotes portions of RFDCPA section 1788.13. Moreover, defendant points out that courts have held that the issuance of a credit card is not a "transaction intended to result in sale or lease of goods or services" under the CLRA. Berry v. American Express Publishing, Inc., 147 Cal. App.4th 224, 54 Cal. Rtpr.3d 91 (2007). Plaintiff has not refuted that argument. H&H is entitled to judgment on Smith's negligence claim.[10]

---

[9] As defendant notes, plaintiff has repeatedly represented that this alleged phone call took place in January 2011. (See Dkt. 34, FAC ¶ 14; Dkt. 52, Opp. at 8; Dkt. 52-1, Smith Decl. ¶ 5).

[10] The court does not reach defendant's alternate argument that plaintiff's negligence claim is barred by California's so-called "litigation privilege" under California Civil Code section 47(b).

### C. Plaintiff's Request for Fed. R. Civ. P. 11 Sanctions

Plaintiff's request for sanctions was not made by a separate motion as required under Fed. R. Civ. P. 11. See Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Moreover, defendant asserts---and plaintiff does not deny---that he failed to serve the motion on H&H at least 21 days before it was filed. Id. And, other than a bare assertion that H&H's summary judgment motion is "frivolous," plaintiff's motion simply quotes the provisions of Fed. R. Civ. P. 11(b) without elaboration. Plaintiff's request for sanctions is denied.

## ORDER

Based on the foregoing, defendant's summary judgment motion is granted as to all claims for relief. The clerk shall enter judgment for defendant and close the file.

**SO ORDERED**.

Dated: November 21, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1  5:12-cv-04150-HRL Notice has been electronically mailed to:

2  Arvin Cero Lugay    alugay@snllp.com, CCogbill@snllp.com

3  Jim Q. Tran    casefilings@coastlawcenter.com, jim.tran@coastlawcenter.com

4  Kurtiss Anthony Jacobs    ooleynik@hunthenriques.com

5  Tomio Buck Narita    tnarita@snllp.com, ccogbill@snllp.com

United States District Court
Northern District of California