NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND J. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>HUNT & HENRIQUES and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 5:12-cv-04150 HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY OPPOSITION AND GRANTING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS**<br><br>[Re: Dkt. Nos. 55, 60] |

Plaintiff Raymond J. Smith alleges that defendant Hunt & Henriques (H&H) engaged in unlawful debt collection practices. He filed the instant suit, asserting claims for violation of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, et seq., and negligence.[1]

H&H contends that plaintiff's counsel and his law firm violated Fed. R. Civ. P. 11 by pursuing legally and factually meritless claims asserted in his First Amended Complaint (FAC). Pursuant to Fed. R. Civ. P. 11, defendant now moves for an award of its fees incurred in defending against those claims. Plaintiff filed a very belated opposition (nearly one month too late), and defendant moves to strike it. Plaintiff's counsel did not bother to appear at the November 19,

---

[1] Both plaintiff and defendant have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

2013 motion hearing. Instead, he sent another attorney to make a "special appearance" in his place. Other than his "special appearance," that attorney has had no involvement in this matter, appeared to have little or no knowledge about the case, and told the court that he had nothing to say. Upon consideration of the moving papers, as well as the arguments presented at the motion hearing, the court grants the motion to strike as well as the motion for sanctions.

**A. Defendant's Motion to Strike Plaintiff's Belated Opposition Brief**

As noted above plaintiff's opposition brief was due on October 14, 2013, see Civ. L.R. 7-3(a), but was not filed until November 13, 2013. Defendant's motion to strike the untimely opposition is granted for the following reasons:

Plaintiff's counsel claims that defendant failed to meet-and-confer prior to filing the motion and failed to serve a copy of the motion more than 21 days before the motion was filed. However, the case he cites concerns Civil Local Rule 7.1(A)(3) for the Southern District of Florida. Karakis v. Gulfstream Park Racing Ass'n, Inc., No. 08-61572-CIV, 2008 WL 4938406 at *1 (S.D. Fla. Nov. 18, 2008). While this court would never preclude or discourage a party from meeting-and-conferring with the opposing side prior to filing any motion, defense counsel avers that defendant did serve a copy of its sanctions motion on plaintiff's counsel more than 21 days before the motion was filed, as required by Fed. R. Civ. P. 11(c)(2). (Dkt. 55-1, Lugay Decl. ¶ 2). Plaintiff, on the other hand, submits no declarations to support the assertion that defense counsel failed to make pre-filing service of the motion.

Plaintiff's arguments re excusable neglect are unavailing. Plaintiff's counsel says that his staff overlooked the instant motion because they were busy preparing plaintiff's oppositions to defendant's California Code of Civil Procedure § 425.16 special motion to strike and defendant's summary judgment motion. He further asserts that the instant sanctions motion "was caught just before the filing and service of these other oppositions which prompted the filing of the continuance letter in accordance with Local rules to allow for adequate preparation of the Sanctions opposition." (Dkt. 58 at 5). The court's docket, however, belies these assertions. Plaintiff's oppositions to defendant's other motions were due on September 20, 2013---ten days *before* the instant sanctions motion was even filed. Thus, the October 14, 2013 filing deadline on

2

the instant sanctions motion did not overlap at all with the September 20 filing deadline on defendant's other motions. Moreover, the referenced "continuance letter" concerned only defendant's summary judgment motion and special motion to strike. (Dkt. 50). The court's docket contains no request for an extension of briefing deadlines re the instant sanctions motion. Further, plaintiff's counsel received electronic notice of the filing of the instant motion on September 30, 2013. (Dkt. 55). And, on October 21, 2013, he received electronic notice of defendant's reply papers in which defendant advised that plaintiff failed to oppose the motion. (Dkt. 56). Yet, inexplicably, plaintiff's counsel did nothing until November 13, 2013---nearly 30 days past the filing deadline.

Finding no good cause to accept plaintiff's belated filing, defendant's motion to strike it is granted.[2] And, as discussed below, even if the tardy opposition were considered, the court concludes that sanctions are warranted.

### B. Defendant's Motion for Fed. R. Civ. P. 11 Sanctions

Rule 11 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

---

[2] However, at the hearing, the court said that it would not preclude the specially appearing attorney from presenting oral argument. Nevertheless, that attorney said he had no arguments to present.

Fed. R. Civ. P. 11(b). A court may impose sanctions against a party or attorney for violations of this rule. Fed. R. Civ. P. 11(c).

Before filing a complaint, attorneys have a duty, not only to conduct a reasonable factual investigation, but also to perform adequate legal research to confirm whether the underlying theories of the complaint are warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law. Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). When assessing whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Id. The term "frivolous" is "a shorthand . . . used to denote a filing that is both baseless and made without reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). "Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986), abrogated on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447, 110 L.Ed.2d 359 (1990).

The gravamen of plaintiff's First Amended Complaint (FAC), the operative pleading, is that defendant violated the FDCPA and the RFDCPA by trying to collect on a debt after failing to verify the outstanding financial obligation within 30 days after plaintiff disputed the debt. As discussed in the court's summary judgment order, however, plaintiff failed to present any evidence establishing the threshold question whether the subject financial obligation is a "debt" within the meaning of the FDCPA or a "consumer debt" under the RFDCPA. In his opposition to defendant's summary judgment motion, plaintiff instead argued that the FDCPA and RFDCPA apply because "Plaintiff does not have any debt with Defendants, as a matter of law." (Dkt. 52 at 5). He did not, however, present any evidence supporting that argument. And, indeed, that argument turned out to be nothing more than plaintiff's main contention that H&H "failed to validate the debt within 30 days as required by 15 U.S.C. § 1692(g) [sic]." (Id.). As pointed out

4

in defendant's summary judgment motion, however, FDCPA section 1692g, imposes no such requirement on H&H. Rather, the plain language of the statute requires *plaintiff* to send his dispute re the debt within 30 days of his receipt of defendant's section 1692g written notice. See 15 U.S.C. § 1692g(a)(4). And, plaintiff did not present any evidence or argument that defendant's verification otherwise was improper. See Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1173-74 (9th Cir. 2006) ("'At the minimum, verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.'") (quoting Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)).

In his summary judgment opposition, plaintiff nevertheless maintained that H&H violated FDCPA section 1692g "by assuming an obligation of debt existed between Plaintiff and Defendants [sic] and attempted to illegally collect on the debt." (Dkt. 52 at 7). FDCPA section 1692g, however, states that "unless the consumer, within thirty days after receipt of the notice [of the debt], disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3). On summary judgment, defendant submitted evidence showing that plaintiff was given notice of this statutory provision and that he did not timely dispute the debt within the 30-day period. Plaintiff presented no evidence to the contrary and simply reiterated that "Defendants [sic] failed to validate the debt within thirty (30) days as required by 15 U.S.C. § 1692(g) [sic]." (Dkt. 52 at 7). As noted above, that contention is not supported by the plain language of the statute.

Plaintiff otherwise opposed defendant's summary judgment by arguing that his credit report evidenced violations of the FDCPA and RFDCPA and that H&H engaged in fraudulent or deceptive practices to collect the debt. Plaintiff did not, however, submit a copy of the referenced credit report and did not even discuss it in his declaration. And, although plaintiff was required to do more than rely on his pleadings in order to avoid summary judgment, see Nissan Fire & Marine Ins. Co., Ltd., 210 F.3d 1099, 1102 (9th Cir. 2000), his summary judgment opposition papers did little more than parrot the FAC's conclusory allegations, which in turn, largely parroted the language of the subject statutes.

True, plaintiff's current attorney substituted into the case a few months ago and, within a month of his appearance, found himself filing oppositions to defendant's summary judgment motion and special motion to strike. But, even a cursory review by plaintiff's counsel of the pertinent statutory requirements of FDCPA § 1692g (incorporated by reference in Cal. Civ. Code § 1788.17) would have revealed that the statute does not require H&H to validate the debt within 30 days of plaintiff's request. Moreover, plaintiff's counsel does not say what reasonable investigation, if any, he undertook as to the bases for plaintiff's allegations. And, based upon counsel's filings with the court---which assert arguments purportedly based on 15 U.S.C. § 1692g, but which are contradicted by the plain language of the statute, and which reiterate or parrot the conclusory allegations of the FAC---it is not apparent that he conducted any such investigation.

Although he is not the attorney who filed the FAC, plaintiff's current counsel may nevertheless be sanctioned under Rule 11 by "later advocating it." Fed. R. Civ. P. 11(b). Indeed, even plaintiff's counsel acknowledges that sanctions may be imposed if he "files some paper indicating intention to continue prosecution" of the FAC's allegations. (Dkt. 58 at 7). After he substituted into this case, plaintiff's counsel filed briefs advocating allegations of the FAC and signifying that plaintiff intended to continue prosecution of this matter. (Dkt. 51-52).

For the foregoing reasons, the court finds that plaintiff's counsel and his firm have presented papers to the court in violation of Fed. R. Civ. P. 11, and H&H's motion for sanctions is granted. Even so, the court does not find that defendant is entitled to recoup all fees incurred in the defense of this action.

Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Id. Any sanctions award therefore will be limited to H&H's reasonable attorney's fees incurred in filing its summary judgment motion and the instant motion for sanctions. In its discretion, the court will not award fees incurred in connection with defendant's alternative special motion to strike, which this court has denied as moot.

1 No later than December 20, 2013, H&H shall file its motion for fees, providing proper
2 support for the claimed sums. Plaintiff's counsel's opposition or other response shall be filed no
3 later than 14 days after service of defendant's fees motion. Defendant's reply is due within 7 days
4 after service of plaintiff's opposition or other response. Unless otherwise ordered, the matter will
5 then be deemed submitted upon the papers without oral argument. Civ. L.R. 7-1(b). However, if,
6 upon review of the papers, the court determines that a hearing is necessary, it will provide advance
7 notice to the parties.

**SO ORDERED**.

Dated: November 21, 2013

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-04150-HRL Notice has been electronically mailed to:

Arvin Cero Lugay     alugay@snllp.com, CCogbill@snllp.com

Jim Q. Tran     casefilings@coastlawcenter.com, jim.tran@coastlawcenter.com

Kurtiss Anthony Jacobs     ooleynik@hunthenriques.com

Tomio Buck Narita     tnarita@snllp.com, ccogbill@snllp.com