Jim Q. Tran (SBN 274880)
COAST LAW CENTER
2677 North Main Street, Ste. 520
Santa Ana, CA 92705
Tel: 714-242-5939
casefilings@coastlawcenter.com

Attorney for Plaintiff
Raymond J. Smith

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RAYMOND J. SMITH,

Plaintiff,

vs.

HUNT & HENRIQUES and DOES 1-20, inclusive.

Defendants.

CASE NO. 5:12-cv-004150 HRL

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES PURSUANT TO ORDER ON RULE 11 SANCTIONS [DOCKET 63]**

## I. INTRODUCTION AND SUMMARY

On November 25, 2013, defendant filed a Motion for Attorney Fee accompanied by one declaration. Plaintiff seeks $12,966.00 to compensate their attorneys for 40.1 hours dating back to the compilation of the defendant's Motion of Summary Judgment and Motion for Rule 11 Sanctions. Plaintiff hereby opposes defendant's request for attorney fees.

It is well established that attorney's fees may only be awarded to a prevailing party. In order to be considered a prevailing party, final judgment must have been entered in favor of the party seeking attorneys fees. Though summary judgment was entered in favor of defendant in this matter, no ruling was ever made on plaintiff's request for judicial notice, dated September 20, 2013 as required by Federal Rule of Civil Procedure (F.R.C.P) 201(c)(2). As a result, judgment on this matter should not be considered final. Therefore, a determination of attorney's fees is premature, and should not be recoverable on the part of defendant.

In the alternative, if the Court holds judgment in this matter to be final, plaintiff asserts that the requested attorney's fees should be reduced to reflect the reasonable amount of time expended by opposing counsel. When submitting a motion for attorney's fees, a prevailing party is required to exercise "billing judgment" by attempting to remove from their request hours that are duplicative, irrelevant, or generally excessive. *Hensley v. Eckerhart*, 461 U.S. 424 at 434 (1983). "Hours that are not properly billed to One's client are also not properly billed to one's adversary…".*Id.* Defendant's counsel has not attempted to bill the requested hours in a judicial manner to either their client or plaintiff's counsel. Defense counsel has provided a mere summary of the hours expended in researching, drafting, and arguing these motions. As a result it falls on both Plaintiff and the Court to determine how many hours were allocated to each individual task.

The initial considerations in reducing a fee award are whether the hours requested have been adequately documented; whether the request reflected overstaffing and duplication of effort by counsel; and whether hours have been expended on activities that were unproductive, unnecessary or otherwise unreasonable. *See Hensley*, 461 U.S. at 433-34; *Sorenson v. Mink* 239 F.3d 1140, 1146-47 (9th Cir. 2001).

Here, Defendant has attempted to include in their fee request hours that are redundant, for projects that were overstaffed, and for unnecessary and excessive hours. Because defendant has block billed these hours, a 30% reduction in the total hours sought is warranted.

Furthermore, defendant has overstaffed multiple tasks by charging for the time of two separate attorneys to draft, review, and argue the same motions. As a result of this overstaffing, an additional 25% reduction in the total number of purported expended hours is warranted.

Lastly, in examining the level of experience asserted of both attorneys in defendant's declaration, (*see* Declaration of Tomio B. Narita ¶3-4) it is clear that the number of hours defense counsel claims to have expended on these motions is gross and excessive. Therefore, plaintiff seeks a further reduction in the number of overall charged hours to reflect an amount of expended hours that is commensurate with defense counsel's education and experience.

## **II. ARGUMENT**

A plaintiff must be a "prevailing party" to recover attorney fees. *Farrar v. Hobby*, 506 U.S. 103,111 (1992). However, success in a lawsuit does not immediately entitle a party to all requested fees. A determination that a party has "prevailed" merely brings him across the threshold of eligibility. It is within the discretion of the Court to determine a reasonable fee.

*Hensley*, 461 U.S. at 433. In attempting to determine a reasonable fee, it is most useful for the court to look to "…the number of hours expended on the litigation by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court has held that calculating fees in this manner provides an objective method to determine the true value of the services provided by requesting counsel. *Perdue v. Kenney A.*, 130 S.Ct. 1662, 1671-1673 (2012) *Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002); *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995).

In making this determination, "the district court…should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley,* 461 U.S. at 434. The assessment of reasonableness is made by reference to standard established in dealings between paying clients and the private bar, *id* at 434, and the burden is on the party seeking fees to demonstrate with fufficient evidence, that the hours worker and rates claimed are reasonable, *id*. At 433-34; *accord Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (burden of showing that hours and fees are reasonable falls squarely upon the [defendant]).

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.

*Hensley* at 434; *accord Van Gerwen v. Guarantee Mut. Life Co.*, 214 F. 3d 1041, 1045 (9th Cir. 2000) (citation omitted).

Here, defendant is not yet the prevailing party, and is attempting to collect upon attorney's fees which have been summarized in the form of a declaration. This firm of block billing is unacceptable and as a result, the fees charged are unreasonable and excessive.

**A. Defendant is not a Prevailing Party**

Defendant will argue that final judgment has been entered in this matter by way of summary judgment. However, plaintiff properly filed with the Court a request for judicial notice, upon which no ruling was ever made. F.R.C.P Rule 201(c)(2) stated that "the Court…must take judicial notice if a party requests it and the court is supplied with the necessary information.". The Court's Order of November 21, 2013 did not reflect Notice of Plaintiff's Request. Consequently, Plaintiff is re-filing the Request for Judicial Notice concurrently with this Opposition and seeks an Order addressing the issues raised therein. Therefore, judgment in this matter cannot yet be considered final. As a result, defendant cannot

be considered a prevailing party.

**B. The Number Hours for which Defendant seeks Compensation are Unreasonable**

In the event defendant is held to be a prevailing party, the fees demanded by defendant are unreasonable. Defendant's demand for $12,966.00 to compensate them for 40.1 hours is excessive and unreasonable, and should therefore be reduced. Courts reduce fee awards based on the following factors (i) inadequate documentation; (ii) overstaffing and duplication of effort by counsel and (iii) hours that were unproductive or otherwise unreasonable. *Chalmers v. City of Los Angeles*, 796 F. 2d 1205, 1210 (9th Cir. 1986); *Role Models America, Inc. v. Brownlee*, 353 F3d 962, 971-73 (D.C. Cir. 2004) (50% reduction in hours for inadequate documentation and duplication). Reduction based on all of these factors should be made here.

i. <u>Defendant's Documentation of their Fee Request is Improper</u>

A substantial reduction in the number of hours defendant seeks is warranted based on the inadequate documentation of their fee request. Defendant has failed to produce contemporaneous billing records, and the declaration submitted in lieu of these records include "block billed" time, impermissibly intermixing time spent on multiple activities.

The Supreme Court stated in *Hensley* that the prevailing party "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 436; *Chalmers*, 796 F.2d at 1210 ("in determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claims to have been expended."). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley* at 433.

Defendant will likely argue that they have kept contemporaneous billing records. However, these records have not been presented to plaintiff or the Court. In place of providing these records to the Court, defendant has summarized the hours expended in counsel's declaration. While local rule 54-5(b) permits the use of declaration in a motion for attorney fees, *Hensley* indicates that a fee award should be based on data contained in billing records. There is no justification for failing to produce these records. This documentation is necessary to establish the time spent on the activities for which defendant wishes to be compensated. Moreover, "the Court may require production of an abstract of or the contemporary time records for inspection" under Local Rule 54-5(b)(2).

In addition, the Ninth Circuit has held that relying upon summaries of billing records through declaration may result in an abuse of discretion on the part of the district court, in

the event that the declarations that are not sufficient to distinguish time spent on different claims. *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.* 122 F.3d 1221 1230-31 (9th Cir. 1997).

The Ninth Circuit also held in *Welch v. Metropolitan Life Insurance Co*., 480 F.3d 942, 948 (9th Cir.2007) that block billing "may increase time by 10% to 30%" *See Welch*, 480 F.3d at 948, (citing The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003). As such, percentage cuts are "acceptable, and perhaps necessary tools for district courts fashioning reasonable fee awards." *Gates v. Deukmejian*, 987 F 2d 1392, 1399 (9th Cir. 1992).

Defendant has submitted a declaration in which they attribute to two separate parties multiple and distinct activities in a block of time. This block of time has not been segregated to assigned to a particular task. (*see* Declaration of Tomio B. Narita p.2, ¶3:14-25; pp.2-3 ¶4:26-8). Because defendant has clearly block billed time spent on these motions, plaintiff respectfully requests that this Court deduct 30% of the requested hours. Such a deduction is warranted, and consistent with Court decisions.

ii. Defendant's Request Should be Reduced for Overstaffing

The number of hours for which defendant's counsel seeks compensation should also be reduced to account for overstaffing and duplicative work by multiple counsel on the same task. (*see* Declaration of Tomio B. Narita p.2, ¶3:14-25; pp.2-3 ¶4:26-8). In *Tahara v. Matson Terminals*, 511 F. 3d 950, 955 (9th Cir. 2007), the Court held that repetitive hours must be excluded.

In its declaration defense counsel purports to have reduced hours by including "certain write-offs" taken by their firm (*see* Declaration of Tomio B. Narita p.2, ¶3:22-23). However, in the absence of a detailed itemization of hours, there is no way to confirm or deny this. As such, plaintiff has no option but to assume that defendant has made no effort to reduce their time for work by multiple counsel on particular activities. Defense counsel has themselves admitted by way of declaration that they are attempting to bill opposing counsel for multiple attorneys working on the same project. (*see* Declaration of Tomio B. Narita p.2, ¶3:14-25; pp.2-3 ¶4:26-8).

*a. Overstaffing*

Defendant's declaration reveals that multiple lawyers worked on the same activity, and thus would have billed their client for the same work. "Courts ought to examine with

skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication…" *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). Here, defense counsel has openly admitted that they are attempting to collect upon *both* Arvin C. Lugay's efforts in writing drafting, reviewing, and composing motion papers, *and* declarant Tomio B. Narita's time spent reviewing, drafting, and preparing these same motions. (*see* Declaration of Tomio B. Narita p.2, ¶3:14-25; pp.2-3 ¶4:26-8).

Given the redundant billing of defense counsel's hours, a separate 25% reduction in the particular time devoted to these activities is warranted.

iii. Defendant's Fee Request Should Be Reduced for Unproductive or Unnecessary Hours

Even where a party has obtained excellent results, this does not mean it should be awarded fees for all hours expended. Rather the Court should award fess only for hours that were "*reasonably* expended." *Hensley*, 461 U.S. at 435. Here, defense counsel is attempting to bill multiple forms of unproductive or unnecessary hours through 1) using ambiguous billing tactics to include hours writing motions previously held to be moot 2) dedicating an inordinate number of hours to a project, based upon years in practice and billing rates.

*a. Billing For Motions Held to Be Moot*

Defendant's failure to incorporate a detailed billing schedule gives rise to questions regarding the true nature of the billing as stated. In the Court's order, issued November 21, 2013, the Court specifically stated that defendant would not be granted attorney's fees stemming from defendant's alternative special motion to strike. Though defendant states in the declaration attached that the fees requests in their motion do not include the special motion to strike fees, there has been no evidence exhibited to this effect. Defendant expects plaintiff to take them at their word that these block fees do not include the hours spent working on the motion to strike. In the absence of an itemized list of hours spent on projects related to this case, it is impossible to tell whether these hours have truly been removed from the requested lodestar.

*b. Excessive Hours*

By defendant's own admission, defendant is billing to its client 24.3 hours at a rate of $280.00 per hour for the research, drafting and preparation of the instant declaration, motion for summary judgment, and the motion for rule 11 sanctions. The declaration also claims

that a partner in the firm, who has been practicing for upwards of twenty-two years, spent more than fifteen hours reviewing, assisting in drafting, and drafting replies to the same aforementioned motions at a rate of $390.00 per hour. Judging by the number of years in practice and extended experience with such motions, it would seem that the partner/declarant spent an inordinate amount of time "reviewing" and "assisting in drafting and preparing the motions."

In light of the declarant's extensive experience, the hours billed for these projects are excessive and duplicative, and should therefore be reduced to reflect a reasonable number of hours an attorney of similar skill and experience would spend on such a task.

The motions submitted the defendant were not especially complicated, and as such should not have taken upwards of 40 hours between two attorneys to prepare, review, and argue. As such, the extensive and duplicative hours charged for these motions should be significantly reduced.

## III. CONCLUSION

Plaintiff maintains that no final judgment has been entered at this time, pending a ruling on the judicial notice requested by Plaintiff. However, in the event that a final judgment is found entered plaintiff requests that the Court reduce the number of hours and amount of attorney's fees for which defendant seeks recompense. Defendant has failed to provide an itemized billing of the hours spent on this case. In addition, the hours that are alleged have been impermissibly block billed, and are duplicative, redundant, excessive, overstaffed, and unnecessary.

Therefore, plaintiff respectfully requests that the Court deny attorney's fees to defendant at this time, or in the alternative reduce the fees to reflect the true number of hours expended by defense counsel.

DATED this 9th day of December, 2013.

Respectfully submitted,

s/ Jim Q. Tran

Jim Q. Tran
Attorney for Plaintiff

Case5:12-cv-04150-HRL Document68 Filed12/09/13 Page8 of 8

8
PLAINITFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEY'S FEES