Jim Q. Tran (SBN 274880)
COAST LAW CENTER
2677 North Main Street, Ste. 520
Santa Ana, CA 92705
Tel: 714-242-5939
casefilings@coastlawcenter.com

Attorney for Plaintiff
Raymond J. Smith

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RAYMOND J. SMITH, | CASE NO. 5:12-cv-004150 HRL |
| Plaintiff, | PAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION REQUESTING PUBLICATION OF COURT'S NOVEMBER 21, 2013 ORDERS |
| vs. | |
| HUNT & HENRIQUES and DOES 1-20, inclusive, | |
| | The Honorable Howard R. Lloyd |
| Defendants. | |

### I. INTRODUCTION

On November 21, 2013, this Court entered an Order granting summary judgment in favor of Defendant, Hunt & Henriques ("H&H"), and a Motion for Sanctions against counsel for Plaintiff, Raymond Smith. This Court classified the Orders as "Not For Citation" under Civil L.R. 7-14 to limit the universe of citable cases. On December 2, 2013, Defendant filed an administrative motion requesting removal of the "Not For Citation" designation in conflict with this Court's express intention.

Plaintiff respectfully requests that this Court deny H&H's bid to remove the "Not For Citation" designation on the Orders granting summary judgment for Defendant and awarding sanctions under Rule 11 of the Federal Rules of Civil Procedure.

It is strictly within the sole discretion of the Honorable Howard Lloyd to classify the Orders as "Not For Citation," and this decision should be respected by H&H. Furthermore, removal of the "Not For Citation" designation on the November 21, 2013 Orders would be inappropriate in light of the considerable Ninth Circuit Court decisions that satisfy H&H's professed objective. While the opinions at issue are unfavorable to the Plaintiff, the decisive aspects are specific to the facts and procedure of the particular case. There is no novel issue of law warranting the inclusion of such opinions into the larger body of law.

## II. ARGUMENT

### A. The Court's "Not For Citation" Designation of the Orders Should be Respected

Civil L.R. 7-14 for the Northern District of California provides, **"It is within the sole discretion of the issuing Judge to determine whether an order or opinion issued by that Judge shall not be citable."** The plain language of the rule clearly grants the presiding judge broad discretion in deciding whether a case shall be citable. Because the Honorable Howard Lloyd expressly elected to designate the case as uncitable pursuant to Civil L.R. 7-14, that determination should be respected by H&H.

In addition, Civil L.R. 3-4(e) already provides exceptions to the prohibition of citation to uncertified orders and opinions. The Rule states, "Any order or opinion that is designated: 'NOT FOR CITATION,' pursuant to Civil L.R. 7-14… may not be cited to this Court, either in written submissions or oral argument, *except when relevant under the doctrines of law of the case, res*

*judicata or collateral estoppel* [emphasis added]." The drafters of the Local Rules for the Northern District of California plainly intended limited exceptions for the use of uncertified opinions or orders. H&H's Motion serves to undermine this Court's standing conclusion and circumvent the purpose of Civil L.R. 3-4(e).

### B. Removal of the "Not For Citation" Designation is Unnecessary and Serves Only to Prejudice Plaintiff's Counsel

The removal of the "Not For Citation" designation on both of the Court's opinions is unwarranted given the available legal authority. H&H seeks to establish citable precedent showing that a threshold issue for plaintiffs in a Fair Debt Collection Practices Act ("FDCPA") action is whether the dispute involves a "debt" within the meaning of the statute. See Docket 66, lines 17-20. However, as H&H acknowledges, there are multiple cases within the Ninth Circuit that discusses this requirement. See, *e.g. Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004); *Slenk v. Transworld Sys.*, 236 F.3d 1072 (9th Cir. 2001). The decisions of the Ninth Circuit Court have binding effect on federal district court decisions and are readily available for members of the collection industry to utilize. Thus, citation to a district court opinion will have no greater precedential effect than a Ninth Circuit Court opinion.

Because the determination to classify the Orders as "Not for Citation" is within the sole discretion of the presiding judge, the factors employed by the California state courts under Rule 8.1105 of the California Rules of Court have no binding authority on this Court. Nevertheless, none of the factors under Rule 8.1105 support the removal of the "Not For Citation" designation on the November 21, 2013 Orders. The Orders do not raise new legal issues, but rely on legal precedent established by Ninth Circuit Court. Furthermore, the basis of the court's decision is the view that Plaintiff Smith lacked evidentiary support for his claims, not the application of the FDCPA to the Plaintiff's

specific set of facts. There is no precedential value in the proposition that a party needs evidence to support his or her claims.

In challenging the "Not For Citation" designation, H&H is simply attempting to prejudice Plaintiff's counsel. As a debt collector, the only purpose in citing to the present case would be to discredit the Plaintiff's counsel by referencing a prior unfavorable disposition from an entirely separate transaction.

Because there is "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," FDCPA 15 U.S.C. § 1692(a), Congress enacted the FDCPA with the objective of preventing such activities by debt collection agencies. FDCPA 15 U.S.C. § 1692(e). Allowing debt collectors the opportunity to evade statutory responsibility is contrary to the Congressional intent behind the strict liability consumer protection statutes. Revocation of the "Not For Citation" designation would prejudice Plaintiff's counsel and all prospective, similarly-situated plaintiffs, necessarily increasing debt collectors' likelihood of avoiding liability for violations of the FDCPA.

**C. A "Debt" as Defined by the FDCPA Exists in the Perez and Nolasco Actions**

H&H attempts to bolster its argument for removing the "Not For Citation" designation by misleadingly implying that the clients of Plaintiff's counsel must prove an actual debt in order to prove the existence of a "debt" as defined by the FDCPA. See Docket 66, lines 5-8. The term "debt" refers to "any obligation or *alleged* obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment [emphasis added]." 15 U.S.C. 1692a(5). The plain language of the Act does not require an actual obligation to pay but merely an alleged obligation. The

FDCPA is instead triggered when an obligation to pay arises out of a specified "transaction", which involves some type of business dealing between parties. *Turner*, 362 F.3d at 1228 (adopting the rationale of *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998)).

In the *Joyce Perez* and *Natalie Nolasco* actions, the Plaintiffs' causes of action are based upon various Defendants' false representations to the major consumer reporting agencies of purported consumer credit card debts. Therefore, the Defendants in the respective actions placed a "debt" as defined by the FDCPA at issue when they reported inaccurate information about alleged debts to the major credit reporting agencies. The inaccurate information consisted of the character, amount, and legal status of alleged debts arising out of credit card transactions. When debts are sold, debt collectors typically acquire few details of the purchased account and obtain no guaranty that the debt is still valid.[1] It is the Defendants' contentions that Plaintiffs Perez and Nolasco owe consumer debts despite no previous business transactions, business relationships, or contractual agreements that constitute violations of the FDCPA.

Moreover, H&H's comparison of the present case to the *Joyce Perez* and *Natalie Nolasco* causes of action is deceptive. In the present case, the court Orders address Plaintiff Smith's arguments from the position that Merrick

---

[1] The FTC Report from January 2013 titled "The Structure and Practices of the Debt Buying Industry" states that purchased information often includes spreadsheets containing a consumer's name, address, social security number, original creditor, date opened, date charged off and balance at charge off but no documentation of the authenticity of the information. In addition, the FTC Report maintains that in many purchases and sale agreements, sellers disclaim all warranties and representation regarding the accuracy of the information they provide at the time of sale. Thus, the debt buyer knowingly purchases "as is" and is fully aware of the possibility that the information regarding an individual alleged account may be false or largely inaccurate.

Bank, an issuer of consumer credit cards, retained H&H, a law firm, to collect an outstanding balance on Plaintiff Smith's Visa credit card. See Docket 62, lines 12-13. In contrast, the Defendants in the *Perez* and *Nolasco* actions are debt collectors in the business of buying bad debts. Consequently, the named Defendants in those actions were attempting to collect alleged debts for their own benefit rather than on behalf of an original creditor.

In effect, Defendant's counsel is asking the court to take judicial notice of factual issues unrelated to the instant action, in violation of Federal Rule of Evidence 201. Furthermore, Defendant is attempting to misdirect the Court into considering facts that are beyond the scope of the instant action.

### III.   CONCLUSION

Plaintiff Smith maintains that H&H's challenge to the court designation is an attempt to discourage Plaintiff's counsel from pursuing further federal claims. In regards to the *Natalie Nolasco* and *Joyce Perez* actions, Plaintiffs Nolasco and Perez have sufficient evidence to satisfy the threshold issue of whether a "debt" as defined by the FDCPA exists and deserve to be heard on their own merits. Nonetheless, reference to the Perez and Nolasco actions is irrelevant and is another veiled attempt to prejudice plaintiff's counsel. Therefore, for the forgoing reasons, Plaintiff Smith respectfully requests the Court deny the Defendant's request to remove the "Not For Citation" designation of the Orders issued on this action on November 21, 2013.

DATED this 16th day of December, 2013.        Respectfully submitted,

/s/ Jim Q. Tran

Jim Q. Tran

Attorney for Plaintiff