United States District Court
Northern District of California

1
2
3
4
5
6
7          NOT FOR CITATION

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10         SAN JOSE DIVISION

11

12   RAYMOND J. SMITH,                          Case No.  5:12-cv-04150 HRL

              Plaintiff,
13                                              **ORDER (1) GRANTING AS MODIFIED
       v.                                       HUNT & HENRIQUES' MOTION FOR
14                                              ATTORNEY'S FEES AND (2) DENYING
                                                HUNT & HENRIQUES' MOTION RE
     HUNT & HENRIQUES,                          CITATION DESIGNATION**
15
              Defendant.
16                                              [Re:  Dkt. Nos. 65, 66]

17         Raymond J. Smith filed the instant action, alleging that Hunt & Henriques (H&H) engaged

18   in unlawful debt collection practices in violation of federal and state laws.[1]  This court granted

19   summary judgment in H&H's favor.[2]  (Dkt. 62, 64).  Additionally, the court granted H&H's

20   motion for sanctions, concluding that Smith's counsel, Jim Q. Tran, and his firm, Coast Law

21   Center, violated Fed. R. Civ. P. 11.  (Dkt. 63).  Nevertheless, the court's order on that motion

22   limited any fee award to H&H's reasonable attorney's fees incurred in filing its summary

23   judgment motion and its motion for sanctions.  (Id. at 6).  The court then set a briefing schedule as

24   to the amount of fees to be awarded.

25

26   [1]  Plaintiff asserted claims for violation of the federal Fair Debt Collection Practices Act
     (FDCPA), 15 U.S.C. § 1692, et seq., the California Rosenthal Fair Debt Collection Practices Act
27   (RFDCPA), Cal. Civ. Code § 1788, et seq., and negligence.

28   [2]  All parties expressly consented that all proceedings in this matter may be heard and finally
     adjudicated by the undersigned.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1    H&H now moves for $12,966.00 in attorney's fees, as a sanction to be imposed jointly and

2   severally against opposing counsel and his law firm.  H&H also moves this court for an order

3   removing the "Not for Citation" designation placed on its prior orders granting H&H's motions

4   for summary judgment and for Fed. R. Civ. P. 11 sanctions.  Smith opposes both motions.  The

5   matter is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon

6   consideration of the moving and responding papers, the court grants as modified H&H's motion

7   for fees and denies H&H's motion to remove the "Not for Citation" designation from its prior

8   orders.

9       **A. Fees Motion**

10       Preliminarily, Smith argues that fees may only be awarded to a "prevailing party"; and, he

11   contends that H&H is not a "prevailing party" because no final judgment has been entered in its

12   favor.  Moreover, Smith contends that no judgment for H&H can be considered "final" because he

13   claims he previously filed a request for judicial notice that this court never addressed.  Smith is

14   wrong.  To begin, fees are being imposed here as a sanction for counsel's and his firm's violation

15   of Fed. R. Civ. P. 11.  In any event, H&H's summary judgment motion was granted on all claims

16   for relief, and the court entered judgment accordingly.  (Dkt. 62, 64).  And, in its order granting

17   summary judgment for H&H, this court expressly rejected Smith's prior request for judicial

18   notice.  (Dkt. 62 at 6 n.6).  Smith's purported request to renew that request for judicial notice in

19   connection with the instant fees motion is also denied.

20       Turning to the merits of the fees motion, "[t]he most useful starting point for determining

21   the amount of a reasonable fee is the number of hours reasonably expended on the litigation

22   multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933,

23   76 L.Ed.2d 40 (1983).  The party seeking an award of fees should submit evidence supporting the

24   hours worked and rates claimed.  Id.

25       "In determining a reasonable hourly rate, the district court should be guided by the rate

26   prevailing in the community for similar work performed by attorneys of comparable skill,

27   experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir.

28

United States District Court
Northern District of California

1    1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Blum v.

2    Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  "Generally, the

3    relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496,

4    500 (9th Cir. 1997) (citing Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991)).

5    Affidavits of the interested attorneys and other attorneys re the prevailing rate are satisfactory

6    evidence of the prevailing market rate.  Blum, 465 U.S. at 895 n.11; Tsoi v. Patenaude & Felix,

7    No. C13-143 SI, 2014 WL 1477521 at *2 (N.D. Cal., Apr. 15, 2014) (citing United Steelworkers

8    of Am. v. Phelps Dodge Corp., 896 F.3d 403, 407 (9th Cir. 1990)).

9         H&H seeks fees for work performed by partner Tomio B. Narita at $390/hour and his

10   associate, Arvin C. Lugay, at $280/hour.  Narita attests that he graduated from Hofstra University

11   in 1988 and received his law degree from Hastings College of the Law in 1991.  (Dkt. 65-1, Narita

12   Decl. ¶ 4).  He further avers that Lugay is a graduate of Rutgers University who received his law

13   degree from U.C. Berkeley School of Law in 2006.  (Id.).  Smith does not challenge the claimed

14   hourly rates.  Moreover, the court can also rely on its own knowledge and experience in evaluating

15   a request for fees.  Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) (agreeing that "judges

16   are justified in relying on their own knowledge of customary rates and their experience concerning

17   reasonable and proper fees.").  This court is well familiar with the range of rates customarily

18   charged by attorneys practicing before it.  And, the stated hourly rates are within the range of

19   those charged for cases of this magnitude and complexity and for similar work performed by

20   attorneys of comparable skill, experience, and reputation.  See, e.g., Tsoi, 2014 WL 1477521 at *3

21   (in a debt collection case, concluding that rates of $450/hour for an attorney with 17 years

22   experience and $300/hour for an attorney with 7 years experience "are reasonable and within the

23   prevailing rates in the Northern District.").

24        "The product of reasonable hours times a reasonable rate does not end the inquiry."

25   Hensley, 461 U.S. at 434.  In determining a reasonable number of hours, the court must review

26   detailed time records to determine whether the hours claimed by the applicant are adequately

27   documented and whether any of the hours were unnecessary, duplicative or excessive.  Chalmers,

28                                                    3

United States District Court
Northern District of California

1    796 F.2d at 1210.  "Where the documentation of hours is inadequate, the district court may reduce

2    the award accordingly."  Hensley, 461 U.S. at 433.  "There is no precise rule or formula for

3    making these determinations."  Id. at 436.  "The court necessarily has discretion in making this

4    equitable judgment." Id. at 437.

5         Smith objects to the requested fees on the grounds that H&H failed to submit its billing

6    records and is seeking fees based on "block billing," which Smith says is likely to overstate the

7    fees actually incurred on any given task.  Smith contends that this warrants an across-the-board

8    reduction of 30% in the hours in question.  Additionally, Smith argues that H&H is seeking fees

9    for duplicative work inasmuch as the requested fees represent time that both Narita and Lugay

10   spent on the same motions.  In Smith's view, this warrants an additional 25% reduction in the

11   number of hours at issue.  He further contends that defense counsel spent an excessive amount of

12   time on the motions for summary judgment and for sanctions.

13        Smith's arguments are rejected.  Defense counsel has submitted, for the court's *in camera*

14   review, copies of the pertinent billing invoices generated by his firm and paid by H&H for the

15   work performed in connection with the prior motions for summary judgment and for sanctions.

16   For the most part, the invoices do not contain "block billing" entries; rather, they identify each

17   task performed by Lugay and the time he spent on each one.  As for Narita, each of his time

18   entries is sufficiently specific to allow the court to assess the reasonableness of the time allocated

19   to the two motions in question.  Having reviewed the billing records, the court is satisfied that the

20   number of hours spent by each attorney is reasonable.  Additionally, the court agrees that it is

21   common practice for a motion to be researched and drafted by an associate and then reviewed and

22   revised by a partner, which evidently is what happened here.  The billing records confirm that the

23   research and the vast majority of the drafting work properly was tasked to Lugay, who has a lower

24   billing rate.  The court finds no basis for the across-the-board percentage deductions urged by

25   Smith.

26        Nevertheless, having carefully totaled the hours claimed in the billing records, the court's

27   calculations are slightly higher for the time claimed for Lugay and somewhat lower for the hours

28   4

claimed by Narita.  This discrepancy appears to be due to nothing more than math errors by H&H

in totaling the hours in question.  The court therefore will slightly adjust the amount of fees to be

awarded as follows:  24.9 hours for Lugay's time at $280/hour and 13.3 hours of Narita's time at

$390/hour for a grand total of $12,159.00.  This sum represents the fees that are imposed as a

sanction jointly and severally against plaintiff's counsel, Jim Q. Tran, and his firm, Coast Law

Center.  The sanction shall forthwith be paid to H&H.

**B. Defendant's Motion to Remove "Not for Citation" Designation**

This court exercised its discretion, pursuant to Civ. L.R. 7-14,[3] to designate its prior orders

"Not for Citation."  It does not find good cause to withdraw that designation, and H&'s motion for

an order to that effect is denied.

**SO ORDERED**.

Dated:  September 29, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

---

[3] Civil Local Rule 7-14 provides:  "It is within the sole discretion of the issuing Judge to determine whether an order or opinion issued by that Judge shall not be citable. Any order or opinion which the issuing Judge determines shall not be citable shall bear in the caption before the title of the Court 'NOT FOR CITATION.'"

1   5:12-cv-04150-HRL Notice has been electronically mailed to:

2   Arvin Cero Lugay     alugay@snllp.com, CCogbill@snllp.com

3   Jim Q. Tran     casefilings@coastlawcenter.com, jim.tran@coastlawcenter.com

4   Kurtiss Anthony Jacobs     ooleynik@hunthenriques.com

5   Tomio Buck Narita     tnarita@snllp.com, ccogbill@snllp.com

United States District Court
Northern District of California

6